# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2015

Lyle W. Cayce
Clerk

No. 15-30254
Summary Calendar

RONALD WILLIAMS,

Plaintiff-Appellant

v.

EDWARD L. HONEYCUTT,

Defendant-Appellee

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-677

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ronald Williams, Louisiana prisoner # 403681, appeals the judgment of the district court dismissing his 42 U.S.C. § 1983 action for excessive force in accordance with the jury verdict for the defendant. He argues that the district court erred by providing an incorrect jury instruction regarding the elements of excessive force. Williams contends that the district court's inclusion of the provision that prison officials are given deference in the adoption and execution

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of policies and practices that they believe are necessary to address issues of internal order and security was improper because the applicable standard is whether the use of force was done in a good-faith effort to maintain or restore discipline or to cause harm maliciously and sadistically.  Because Williams did not raise this issue in the district court, our review is for plain error.  *See Tex. Beef Group v. Winfrey*, 201 F.3d 680, 689 (5th Cir. 2000).

The jury instruction issued by the district court was appropriate.  The instruction parallels the pattern jury instruction for a claim of excessive force and is a correct statement of law.  *See* Fifth Circuit Pattern Jury Instruction (Civil) § 10.7 (2014); *United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009).  The provision at issue comports with Supreme Court authority and our precedent.  *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir. 1998).  The district court's use of the pattern jury instruction does not rise to the level of clear or obvious error.  *See Jimenez v. Wood County, Tex.*, 660 F.3d 841, 847 (5th Cir. 2011).  Thus, Williams has not shown that the district court plainly erred in giving the jury instruction on excessive force.  *See Tex. Beef Group*, 201 F.3d at 689.

AFFIRMED.